UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **QUINTEN M. MORAN (#465482)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **22-512-JWD-RLB** |
| **LA DEPT. OF PUBLIC SAFETY AND CORRECTIONS** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 18, 2022.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

QUINTEN M. MORAN (#465482)                               CIVIL ACTION

VERSUS

                                                         22-512-JWD-RLB

LA DEPT. OF PUBLIC SAFETY AND CORRECTIONS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants L.A. Department of Public Safety & Corrections, Kirt Guerin, Walter Gerald, and Master Sgt. Robinson complaining that his constitutional rights have been violated in connection with an attack by a fellow inmate. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to

dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint, as amended: On July 25, 2021, inmate Everette Williams, while high on methamphetamines and armed with two homemade knives, was both unrestrained and unescorted by security personnel as required by prison policies. Defendant Robinson opened the wrong cell which allowed inmate Williams to enter the plaintiff's cell and attack the plaintiff as he slept. The plaintiff was stabbed eight times in his upper body and his left shoulder was displaced.

The plaintiff subsequently filed a grievance, and on August 2, 2021, defendant Gerald questioned the plaintiff as to why his name had been included in the grievance and verbally assaulted the plaintiff. The plaintiff's grievance was rejected on September 30, 2021. The plaintiff also submitted informal complaints to defendant Guerin but received no response.

Aside from pain medications, the plaintiff has received no other treatment for his injuries. Though an order was issued for the plaintiff to see an orthopedic doctor for his left shoulder injury, the plaintiff was not examined until over a year later on August 31, 2022. It is the opinion

of the orthopedic doctor that the plaintiff's shoulder is irreparably damaged. Cortisone shots were recommended to reduce inflammation.

The plaintiff has had the opportunity to amend his Complaint[1]. Nevertheless, the Complaint as amended fails to state a claim upon which relief may be granted.

## Failure to Protect

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837. However, a prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." It is irrelevant whether a risk comes from "a single source or multiple

---

[1] *See* R. Docs. 4 and 5.

sources" or whether the risk is borne by a single prisoner for personal reasons or by all similarly-situated prisoners. *Id.*

Plaintiff alleges that due to "numerous acts of violence and assaults…in Beaver-5 maximum security" defendants had knowledge of substantial risk of harm to the plaintiff and failed to act in a reasonable manner to prevent said risk. An inmate can prove the requisite knowledge by showing that conduct or occurrences were "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" such that officials had subjective knowledge of the complained risk. *See Farmer,* 511 U.S. at 842–43.

Herein, the plaintiff fails to state facts to indicate any defendant had knowledge of such attacks and has not provided any details to enable the Court to determine whether the risk to inmate health or safety was so longstanding and pervasive that prison officials must have been aware of this danger. The plaintiff has not provided the dates or details of any other alleged attacks. His conclusive assertion of a history of violence and assaults is not sufficient to indicate that any defendant was aware of any risk to inmate safety.

With regards to the plaintiff's allegations that inmate Williams was not escorted or restrained as required by prison policy, he does not specifically allege that any defendant is responsible in this regard. Nevertheless, "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right" *Lewis v. Sec'y of Pub. Safety and Corr.*, 870 F.3d 365, 369 (5th Cir. 2017)).

Additionally, mere negligence is insufficient to establish a failure to protect claim. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The plaintiff alleges that defendant Robinson opened the wrong cell door, which allowed inmate Williams to enter the plaintiff's cell and attack him. However, the plaintiff does not allege any facts indicating that Robinson opened the

door with deliberate indifference to the plaintiff's safety. Rather, the plaintiff states that his attack was a result of negligent acts. As such, the plaintiff has failed to state a claim for failure to protect him from harm.

### Deliberate Indifference to Serious Medical Needs

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that defendant Louisiana Department of Public Safety and Corrections failed to provide adequate treatment for his shoulder injury. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons'

under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, the Louisiana Department of Public Safety and Corrections is not a "person" under Section 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons...."); *Carrere v. May*, 2016 WL 6684796, at *2 (W.D. La. Sept. 9, 2016) ("[T]he Louisiana Department of Corrections, a state agency, is not a 'person' within the meaning of 42 U.S.C. § 1983."). As such, the plaintiff has not alleged that any 'person' within the meaning of 42 U.S.C. § 1983 was deliberately indifferent to his serious medical needs.

## Administrative Proceedings/Informal Complaints

The plaintiff alleges that his grievance was rejected, and that defendant Guerin failed to respond to his informal complaints. An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

## Verbal Abuse/Threats

To the extent the plaintiff complains of verbal abuse and/or threats made by defendant Gerald, neither threats nor verbal abuse by a security officer is actionable under § 1983. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not

actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").

## Conspiracy

The plaintiff alleges that, two days prior to the attack, defendant Gerald and other security personnel conducted a shakedown of the unit. No knives or drugs were confiscated from inmate Williams' cell. Days later, inmate Williams was both armed with dangerous weapons and high on methamphetamines when he was let, unrestrained, into the plaintiff's cell.

To the extent the plaintiff alleges the attack was due to a conspiracy between defendants Gerald and Robinson, "To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Regarding the first element: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). "[M]ore than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (citations omitted). Plaintiffs must make "specific allegation[s] of fact tending to show a prior agreement has been made." *See id.* at 1023–24.

But § 1983 conspiracy "claim need not [meet] a 'probability requirement at the pleading stage; [plausibility] simply calls for enough fact [s] to raise a reasonable expectation that

discovery will reveal evidence of illegal agreement.' " *Jabary*, 547 F. App'x at 610 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). Plaintiffs' "facts, when 'placed in a context ... [must raise] a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

The plaintiff has not alleged any facts indicative of an agreement between defendants Gerald and Robinson. The facts alleged by plaintiff do not suggest a preceding agreement. Rather, the plaintiff's allegations suggest parallel conduct that could just as well have been independent action by these defendants – failure to discover inmate Williams' contraband by defendant Gerald, and later the opening of the wrong cell door by defendant Robinson. While the attack and the injuries sustained by the plaintiff are unfortunate, the plaintiff has not alleged any facts indicative of a constitutional violation. Accordingly, the plaintiff's Complaint, as amended, fails to state a claim upon which relief may be granted.

## Supplemental Jurisdiction

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[2].

Signed in Baton Rouge, Louisiana, on October 18, 2022.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."